### 11885.  LLOYD v. THE STATE.

BLOODWORTH, J.  1.  " This court, by the constitutional amendment creating
it, is limited in jurisdiction to the correction of errors in law alone, and
therefore has no power to grant a new trial on the ground that the
verdict is strongly contrary to the weight of evidence, if there is any
evidence at all to support it." *Collins* v. *Broom,* 21 *Ga. App.* 420 (1)
(94 S. E. 645), and cases cited.

    *Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

      DECIDED DECEMBER 15, 1920.

Accusation of cheating and swindling; from city court of Alma
— Judge Luke.   September 3, 1920.

The accusation was based on the " labor-contract " law (Penal
Code of 1910, §§ 715, 716), and charged in substance that
Richard Lloyd, with intent not to perform the service contracted
for, procured from J. M. Harrington $2 by contracting to begin
cutting wood for him on the following Monday or Tuesday for
$2 per cord and to continue cutting until repayment of the $2
advanced, and that without sufficient cause he failed to perform
the service or return the money.   Harrington testified:  " I hired
Richard Lloyd to cut one cord of stove-wood for me on what is
known as the Moye place, near Big Hurricane Creek, in Bacon
county, Georgia, and he was to begin cutting the stove-wood on
Monday or Tuesday following the date of the contract, this being
on Saturday and in Bacon county.   He was to cut the wood for $2
per cord, and he was to work continuously thereat until the amount
of $2 was repaid in the cutting of the wood, and under this prom-
ise and representation on the 15th day of May, 1920, I gave him
the $2, and he did not appear at all on Monday or Tuesday, as
he promised, to cut the wood, and I did not see him until sev-
eral weeks thereafter, and when I saw him I asked him why he
did not appear and cut the wood as he promised, and he then
told me his little brother was sick and he carried him to the hos-
pital on Monday or Tuesday, this being the time he was to cut
the wood for me; and he has never cut the wood or repaid the
money with interest up until this date.   Richard Lloyd had cut
wood for me before, and I paid him for the work he did for me.
. . He told me that he wanted to borrow $2 from me, and he
would cut me a cord of stove-wood on Monday or Tuesday if I
would let him have the $2. . . . He told me that the reason he

did not cut the wood at the time he promised was because his brother was sick and he had to carry him to Waycross tò the hospital. I do not know whether his brother was sick or not, and he may have been for all I know." Another witness for the State testified that the defendant was apparently in good health and able to work when he got the $2 from Harrington and during the next week and several subsequent weeks; and on cross-examination the witness said: "I know that his little brother was sick, and Richard told me that he had to carry him to the hospital at Waycross for treatment the week after the 15th day of May, 1920." There was no additional witness, and the defendant made no statement at the trial.

*I. J. Bussell,* for plaintiff in error, cited: Penal Code (1910), §§ 715, 716; *Ga. App. Reports,* 13/10(2); Id. 586(1); 15/642; 16/216; 17/752; 18/700, 702.